UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Margaret Babykin | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Traci Hepler (pro se) | Scott Stilman |
| | Jonathan Zak |
| | Christopher Delaplane |

**Proceedings:** **PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT** (filed 10/06/08)

**I.   INTRODUCTION**

On April 21, 2006, plaintiff Traci K. Hepler, appearing in pro per, filed suit in the Los Angeles County Superior Court against Washington Mutual Bank, FA ("Washington Mutual"). Plaintiff seeks to set aside the foreclosure sale of her real property, located at 2300 Rutgers Avenue, Long Beach, California ("the residence"). On June 1, 2007, plaintiff filed a first amended complaint ("FAC") in which she named the following additional defendants: California Reconveyance Company ("CRC"), Greenpoint Mortgage Funding, Inc. ("Greenpoint"), Joe Tadlock Auctioneer Company ("Tadlock"), Mike Potier ("Potier"), and Fidelity National Asset Management ("Fidelity").[1] The FAC alleged, for the first time, claims arising under federal law.[2] On July 25, 2007, Washington Mutual timely removed the action to this Court. On February 12, 2008, Fidelity filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. On March 7, 2008 the Court granted Fidelity's motion to dismiss plaintiff's FAC with leave to amend. On May 12, 2008 plaintiff filed a second amended complaint ("SAC"). On

---

[1] The FAC erroneously names Fidelity as Fidelity National Management Solutions, Inc. This error is not corrected in the SAC.

[2] Specifically, the FAC alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; and the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

July 14, 2008, this Court granted Fidelity's motion to dismiss plaintiff's SAC with prejudice.

On October 6, 2008, plaintiff filed the instant motion to remand her case to Los Angeles Superior Court. Defendants Greenpoint, Washington Mutual, and Potier filed oppositions on October 10, 2008. Plaintiff filed a reply on October 16, 2008. On October 20, 2008, this Court held a hearing. The Court finds and concludes as follows.

## II. LEGAL STANDARD

The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2002).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pacific Railway v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

## III. DISCUSSION

Plaintiff argues that Washington Mutual's removal was improper because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

Washington Mutual did not identify its principal place of business in its notice of removal. Mot. at 8-9 (citing Stanley Electric Contractors, Inc. v. Darin & Armstrong Co., 486 F. Supp. 769 (D. Ky. 1980); Handy v. Uniroyal, Inc., 298 F. Supp. 301 (D. Del. 1969)). Plaintiff further argues that Washington Mutual's notice of removal was defective because the other six individually named defendants did not join in the removal. Id. at 10-11 (citing Lucket v. Harris Hospital-Fort Worth, 764 F. Supp. 436 (N.D. Tex. 1991)).

Defendants argue that because plaintiff's motion for remand was not filed within thirty days of the removal date, plaintiff can only seek remand for lack of subject matter jurisdiction. Greenpoint Opp'n at 3; Washington Mutual Opp'n at 1; 12 U.S.C. § 1447(c). Defendants further argue that this Court has subject matter jurisdiction because plaintiff is seeking statutory damages and restitution for violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq* ("TILA") and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 ("RESPA"). Greenpoint Opp'n at 5-6; Washington Mutual Opp'n at 3.

The Court concludes that removal in this case was proper. Washington Mutual is not required to allege its principal place of business in its notice of removal when removal is based on federal question jurisdiction. Additionally, even if consent were necessary, Washington Mutual did not have to obtain the consent of the six individual defendants before removal because those defendants had not been properly served at the time of removal. See McAnally, 107 F. Supp. 2d at 1226; Declaration of Scott Stilman in Support of Notice of Removal ("Although no other Defendant has yet been served with the Summons and Complaint, I spoke with Defendants ... all of which consented to removal of this action"). Furthermore, plaintiff has waived her objections to any defect in removal procedure by not raising them within 30 days of removal. 28 U.S.C. § 1447(c). Lastly, the Court has subject matter jurisdiction over plaintiff's suit because she is seeking damages and restitution for alleged violations of TILA, 15 U.S.C. § 1640, and RESPA, 12 U.S.C. § 2614. Therefore, plaintiffs claims "arise under" federal law. See Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921).

**IV.   CONCLUSION**

In accordance with the foregoing, the Court DENIES plaintiff's motion.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |