UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Margaret Babykin | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Traci Hepler (pro se)                            Christopher Delaplane

**Proceedings:**     **DEFENDANT MIKE POTIER, DBA BOARDWALK PROPERTIES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed 09/25/08)

**I.     INTRODUCTION**

On April 21, 2006, plaintiff Traci K. Hepler, appearing in pro per, filed suit in the Los Angeles County Superior Court against Washington Mutual Bank, FA ("Washington Mutual").  Plaintiff seeks to set aside the foreclosure sale of her real property, located at 2300 Rutgers Avenue, Long Beach, California ("the residence").  On June 1, 2007, plaintiff filed a first amended complaint ("FAC") in which she named the following additional defendants: California Reconveyance Company ("CRC"), Greenpoint Mortgage Funding, Inc. ("Greenpoint"), Joe Tadlock Auctioneer Company ("Tadlock"), Mike Potier, dba Boardwalk Properties, Inc. ("Potier"), and Fidelity National Asset Management ("Fidelity").[1]  The FAC alleged, for the first time, claims arising under federal law.[2]  On July 25, 2007, Washington Mutual timely removed the action to this Court.  On February 12, 2008, Fidelity filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.  On March 7, 2008 the Court granted Fidelity's motion to dismiss plaintiff's FAC with leave to amend.  On May 12, 2008 plaintiff filed a second amended complaint ("SAC").  On July 14, 2008, this Court granted Fidelity's motion to

---

[1] The FAC erroneously names Fidelity as Fidelity National Management Solutions, Inc.  This error is not corrected in the SAC.

[2] Specifically, the FAC alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; and the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

dismiss plaintiff's SAC with prejudice.

Plaintiff alleges claims against Potier for: (1) failure to provide plaintiff with adequate notice of the existence of the seized property, in violation of Cal. Civ. Code § 1983; (2) failure to provide plaintiff with written notice of where plaintiff could claim the seized property, in violation of Cal. Civ. Code § 1984; (3) failure to provide notice of the time and place of the public sale of the seized property at least five days before the sale was held, in violation of Cal. Govt. Code § 6066; (4) failure to store the seized property in a place of safekeeping or exercise reasonable care in storing the property, in violation of Cal. Civ. Code § 1986; (5) failure to circulate a notice of public sale that adequately described the seized property, in violation of California Civil Code § 1988; (6) violation of implied duty of good faith and fair dealing.

On September 25, 2008, defendant filed the instant motion for judgment on the pleadings as to plaintiff's fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twenty-fourth, and twenty-fifth claims, pursuant to Fed. R. Civ. P. 12(c). On October 14, 2008, plaintiff filed her opposition. The Court held a hearing on October 20, 2008. The Court finds and concludes as follows

## II.   LEGAL STANDARD

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996). In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In Re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994). For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. 5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

## III.   DISCUSSION

    **A.   Plaintiff's Fifteenth, Sixteenth, Seventeenth, Eighteenth, and Nineteenth**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

**Claims**

Defendant contends that he is entitled to judgment on plaintiff's fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth claims for violation of Cal. Civ. Code §§ 1983, 1984, 1986, 1988 and Cal. Govt. Code § 6066. Mot. at 5. In its July 14, 2008 order, this Court dismissed plaintiff's claims against Fidelity with prejudice because Washington Mutual was never plaintiff's landlord. July 14, 2008 order at 4-5. Defendant argues that plaintiff alleges that he is an agent of Fidelity and therefore he is entitled to judgment on the pleadings on the same grounds. Mot. at 5.

Defendant further argues that he is entitled to judgment on plaintiff's seventeenth and eighteenth claims because Cal Civ. Code § 1988 and Cal. Govt. Code § 6066 only apply to sales of abandoned property. Mot. at 6. Defendant contends that plaintiff received actual notice of the location of the property and was able to reclaim her property. Id. Furthermore, defendant contends that he is entitled to judgment on plaintiff's sixteenth and nineteenth claims under Cal. Civ. Code §1984 and §1986 because they contain no provision for damages. Id. Defendant further argues that he is entitled to judgment on plaintiff's fifteenth claim under Cal. Civ. Code § 1983 because he returned plaintiff's property to her. Mot. at 7 (citing Cal. Civ. Code § 1989(a) ("Notwithstanding subdivision (c) of Section 1981, where the landlord releases to the former tenant property which remains on the premises after a tenancy is terminated, the landlord is not liable with respect to that property to any person.")).

Plaintiff responds that her relationship with Washington Mutual and defendant qualifies as a landlord-tenant relationship pursuant to Cal. Code Civ. P. § 715.030, which provides

> The disposition of personal property remaining on the real property after the judgment creditor is placed in possession thereof pursuant to the writ of possession is governed by subdivisions (e) to (m), inclusive, of Section 1174. For this purpose, references in Section 1174 and in provisions incorporated by reference in Section 1174 to the "landlord" shall be deemed to be references to the judgment creditor and references to the "tenant" shall be deemed to be references to the judgment debtor or other occupant.

Plaintiff argues that defendant and the local sheriff removed her from the property and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

placed Washington Mutual in possession of the property as judgment creditor. Opp'n at 9. Plaintiff further argues that because she did not take possession of her personal property within fifteen days after Washington Mutual took possession of the residence, Washington Mutual was required to exercise care in storing her property pursuant to Cal. Code Civ. P. § 1174. Id. at 9-10, 13.

Plaintiff further argues that her seventeenth and eighteenth claims, pursuant to Cal Civ. Code § 1988 and Cal. Govt. Code § 6066 respectively, are not barred because "the knowledge acquired by Plaintiff at the small claims hearing on March 5, 2007, in addition to the examination of supporting documentation Defendants briefly allowed Plaintiff to examine at the hearing, clearly support Plaintiff's claim that Defendants were, indeed, in violation of the codes cited." Id. at 11. Plaintiff contends that she was not provided with the disclosures required by Cal. Code. Civ. P. §§ 1983 and 1984 and "had to take her own measures to locate and get the details pertaining to the redemption of her property." Id. Plaintiff argues that while she was homeless at the time, she frequently checked the property for notices and mail and did not receive any notices concerning the residence. Id. at 11-12. Furthermore, plaintiff contends that it is impossible for her to identify all of her property that is missing or damaged because she is homeless and has not had a chance to unpack all of her things. Id. at 12-13. Plaintiff argues that "the law clearly mandates that the property be stored in a safe location" and that eyewitnesses can "attest to the unsecured, poor and unsafe conditions in which the Plaintiff's property was stored." Id. at 13 (citing Kelly Decl. in support of Pl.'s Opp'n to Washington Mutual's Motion for Summary Judgment, Docket # 105). Plaintiff further argues that her personal property was stored outdoors and covered by a tarp. Id. at 14. Moreover, plaintiff argues that Cal. Civ. Code § 1989 does not apply to her claims because § 1989 only applies when a landlord has released property to a tenant and not a third party.

The Court concludes that defendant is entitled to judgment on plaintiff's fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth claims. In its July 14, 2008 order, this Court dismissed these claims against Fidelity because these statutes apply only to the landlord-tenant relationship. March 7, 2008 Order at 4; see Mariners Bay Co. v. Dep't of Motor Vehicles, 229 Cal. App. 3d 808, 813 (1991) (the provisions of California Civil Code § 1980 *et seq.* "provide an 'optional' procedure for the disposition of personal property left behind on the premises after a tenancy has terminated and the premises have been vacated by the tenant."); United States v. Smyers, 1998 U.S. Dist. LEXIS 13903, at *12 (C.D. Cal. 1998); Cal. Civ. Code § 1980, Law Review Commission Cmt. (1974) (noting that this chapter extends "to all types of rental property" and "provides landlords

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

with a general procedure for the disposition of personal property left on the premises after termination of a tenancy."). Plaintiff alleges that at all relevant times defendant was an agent of Fidelity. The Court's conclusion is not altered by Cal. Code Civ. P. § 715.030, which applies only for the purposes of Cal. Code Civ. P. § 1174. Cal. Code Civ. P. § 715.030. Because plaintiff does not bring any claim under § 1174, the definitions contained in § 715.030 are inapplicable to her claims. Therefore, defendant is entitled to judgment on plaintiff's fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth claims because neither Fidelity nor defendant was plaintiff's landlord.

### B.   Plaintiff's Twenty-Fifth Claim

Defendant argues that he is entitled to judgment on plaintiff's twenty-fifth claim for breach of the implied duty of good faith and fair dealing because there is no cognizable relationship between him and plaintiff. Mot. at 8.

Plaintiff responds that the obligation of good faith and fair dealing applies to contracts and requires an underlying agreement of some sort. Opp'n at 16.

The Court concludes that defendant is entitled to judgment on plaintiff's twenty-fifth claim because plaintiff has not alleged that defendant has any relationship, contractual or otherwise, with plaintiff that would give rise to a duty of good faith and fair dealing.

### C.   Plaintiff's Twenty-Fourth Claim

Defendant contends that he is entitled to judgment on plaintiff's twenty-fourth claim for an accounting because it does not contain "sufficient facts to apprise the Defendant of the basis upon which" plaintiff is seeking relief. Mot. at 9.

Plaintiff responds that her twenty-fourth claim against defendant is valid because "he could be held accountable for some, or all, of the damages caused to plaintiff with regard to her personal property." Plaintiff argues that she "relied on statements made by Mike Potier about how her personal property was going to be handled and was led to believe that everything remaining at the house would be packed up and stored appropriately by the auction company." Id. at 17.

The Court concludes that defendant is entitled to judgment on plaintiff's twenty-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | October 20, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

fourth claim. "A right to an accounting is derivative; it must be based on other claims." County of Santa Clara v. Astra U.S., Inc., 428 F. Supp. 2d 1029, 1037 (N.D. Cal. 2006) (quoting Janis v. Cal. State Lottery Comm'n, 68 Cal. App. 4th 824, 833 (1998)). Because the Court herein concludes that defendant is entitled to judgment on all of plaintiff's substantive claims for relief, there is no predicate to support her request for an accounting against this party.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion for judgment on the pleadings with leave to amend. Plaintiff shall file a second amended complaint curing the defects noted herein within 20 days after the filing of this order.

IT IS SO ORDERED.

|  | 00 | : | 05 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |