UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS): CORRECTED ORDER GRANTING WASHINGTON MUTUAL BANK AND CALIFORNIA RECONVEYANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT** (filed 09/08/08)

**I.   INTRODUCTION**

On April 21, 2006, plaintiff Traci K. Hepler, appearing in pro per, filed suit in the Los Angeles County Superior Court against Washington Mutual Bank, FA ("Washington Mutual"). Plaintiff seeks to set aside the foreclosure sale of her real property, located at 2300 Rutgers Avenue, Long Beach, California ("the residence"). On June 1, 2007, plaintiff filed a first amended complaint ("FAC") in which she named the following additional defendants: California Reconveyance Company ("CRC"), Greenpoint Mortgage Funding, Inc. ("Greenpoint"), Joe Tadlock Auctioneer Company ("Tadlock"), Mike Potier ("Potier"), and Fidelity National Asset Management ("Fidelity").[1] The FAC alleged, for the first time, claims arising under federal law.[2] On July 25, 2007, Washington Mutual timely removed the action to this Court. On February 12, 2008, Fidelity filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. On March 7, 2008 the Court granted Fidelity's motion to dismiss plaintiff's FAC with leave to amend. On May 12, 2008 plaintiff filed a second amended complaint ("SAC"). On

---

[1] The FAC erroneously names Fidelity as Fidelity National Management Solutions, Inc. This error is not corrected in the SAC.

[2] Specifically, the FAC alleges claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.; and the Truth in Lending Act, 15 U.S.C. § 1601 et seq.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

July 14, 2008, this Court granted Fidelity's motion to dismiss plaintiff's SAC with prejudice.

  Plaintiff alleges claims against Washington Mutual and CRC for: (1) failure to post the property with notice as to the trustee's sale; (2) cancellation of the trustee's deed as invalid; (3) breach of implied covenant of good faith and fair dealing; (4) fraud; (5) civil conspiracy; (6) fraudulent business practices and unfair competition, pursuant to Cal. Bus. & Prof. Code § 17200, *et seq.* Plaintiff alleges claims against Washington Mutual for: (1) breach of contract and duty; (2) violation of Washington Mutual's internal code of conduct; (3) breach of implied in fact contract; (4) interference with contract; (5) interference with prospective economic relations; (6) violation of the Fair Debt Collection Practices Act ("FDCPA"), pursuant to Cal. Civ. Code § 1788, *et seq.*; (7) promissory estoppel; (8) injunctive relief; (9) failure to provide plaintiff with adequate notice of the existence of the seized property, in violation of Cal. Civ. Code § 1983; (10) failure to provide plaintiff with written notice of where plaintiff could claim the seized property, in violation of Cal. Civ. Code § 1984; (11) failure to provide notice of the time and place of the public sale of the seized property at least five days before the sale was held, in violation of Cal. Govt. Code § 6066; (12) failure to store the seized property in a place of safekeeping or exercise reasonable care in storing the property, in violation of Cal. Civ. Code § 1986; (13) failure to circulate a notice of public sale that adequately described the seized property, in violation of California Civil Code § 1988; (14) violation of the Real Estate Settlement Procedures Act ("RESPA"), pursuant to 12 U.S.C. § 2607; (15) violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; (16) violation of the Truth in Lending Act ("TILA"), pursuant to 15 U.S.C. § 1601, *et seq.*; and (17) violation of implied duty of good faith and fair dealing.

  On September 8, 2008, defendants filed the instant motion for summary judgment. On September 23, plaintiff filed her opposition. Defendants filed their reply on September 25, 2008. On September 29, 2008, this Court held a hearing and ordered supplemental briefing from defendants, regarding any TILA disclosures made to plaintiff, and from plaintiff, identifying the discovery that defendants allegedly failed to provide that would support her claims. On October 14, 2008, defendants filed a supplement to their motion. On October 14, 2008, plaintiff filed a supplemental declaration in support of her opposition. The Court held a hearing on October 20, 2008. The Court finds and concludes as follows.

**II. BACKGROUND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

On June 1, 2004, plaintiff received a loan from Washington Mutual in the amount of $100,000, secured by a deed of trust on the residence. DSUF ¶¶ 1-2. CRC is the trustee on the deed of trust. DSUF ¶ 5. On September 16, 2004, plaintiff refinanced her home mortgage loan with Greenpoint , and Washington Mutual executed a subordination agreement on September 17, 2004. DSUF ¶ 6-7. Plaintiff defaulted on her loan by failing to make the payment due for February 2005. DSUF ¶ 8. On or about June 16, 2005, a notice of intent to foreclose the note and deed of trust was sent to plaintiff. DSUF ¶ 9. On August 24, 2005, a notice of default was recorded setting forth an amount to reinstate of $8,041.14. DSUF ¶ 10. In October 2005, defendant Washington Mutual declined to execute a subordination agreement ("Greenpoint subordination agreement") that would have placed the Greenpoint loan in a senior position to Washington Mutual's as to $25,000. Mot. at 6; Opp'n at 3. On or about November 30, 2005, a notice of sale was recorded setting the initial sale date for December 22, 2005. DSUF ¶ 12. On or about February 21, 2006, following at least one postponement, the foreclosure sale took place and the property reverted to Washington Mutual for a bid of $113,498.29. DSUF ¶ 14. On or about March 21, 2006, Washington Mutual filed an unlawful detainer action against plaintiff and judgment was entered in favor of Washington Mutual on July 7, 2006. DSUF ¶¶ 15-16.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Plaintiff's First, Second, Third, Eighth, Ninth, Tenth, Eleventh, Thirteenth, and Fourteenth Claims

Defendants argue that they are entitled to summary judgment on plaintiff's first, second, third, eighth, ninth, tenth, eleventh, thirteenth, and fourteenth claims that arise out of defendants' alleged failure to properly post the residence for sale, pursuant to Cal. Civ. Code § 2924. Mot. at 3. Defendants contend that the property was properly posted with a notice of trustee's sale on December 1, 2005, and submit a copy of the notice and a poor quality photo purporting to show the posting on the property. Mot. at 3; Brignac Decl. ¶ 6, Ex. C. Defendants further contend that even assuming arguendo that the property was not properly posted, plaintiff is not entitled to have the sale set aside because it is undisputed that she did not have sufficient funds to satisfy the outstanding debt. Mot. at 4 (citing United States Cold Storage of California v. Great Western Savings and Loan Association, 165 Cal. App. 3d 1214, 1222-23 (1985); Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d. 112, 117 (1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"). Defendants argue that plaintiff admitted in her SAC and at her deposition that she did not have the ability to tender the full amount of the debt to Washington Mutual. Mot. at 4.

Plaintiff responds that the residence was not posted with proper notice. Opp'n at 8. Plaintiff argues that the certificate of posting attached to defendants' motion does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

prove that the posting actually occurred because the document could have been created at any time. Id. Plaintiff further argues that the poor quality of the photo of the residence fails to demonstrate that the paper attached to the door of the residence was the required notice of sale. Id. Plaintiff also contends that none of her neighbors or friends in the area saw the notice. Id. Plaintiff further contends that she is entitled to have the sale set aside because Washington Mutual is not a bona fide purchaser for value. Id. at 9 (citing Napue v. Gor-Mey West, Inc., 175 Cal. App. 3d. 608, 621 ("failure to comply with the notice requirements is a ground to cancel the sale only as against a party who is not a bona fide purchaser")). Plaintiff argues that Washington Mutual is not a bona fide purchaser because "a beneficiary who acquires the property at foreclosure sale through a credit bid may not qualify as a bona fide purchaser." Id. (citing Tomczak v. Ortega, 240 Cal. App. 2d 902, 907 (1966)).

The Court concludes that defendants are entitled to summary judgment on plaintiff's first, second, third, eighth, ninth, tenth, eleventh, thirteenth, and fourteenth claims. Defendants have proffered evidence showing that the residence was properly posted with notice and plaintiff has only provided the bare assertion that she did not receive the notice. Plaintiff's evidence to the contrary is hearsay and speculation. Moreover, plaintiff cannot have the sale set aside because she did not have the ability to tender the full amount of the debt owed to Washington Mutual.[3] The fact that Washington Mutual is not a bona fide purchaser makes the sale voidable. Napue, 175 Cal. App. 3d 608, 621. However, a "valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen, 15 Cal. App. 3d. at 117.

### B. Plaintiff's Fourth, Fifth, Sixth, and Seventh claims

Defendants further argue that they are entitled to summary judgment on plaintiff's fourth claim for breach of contract, fifth claim for violation of Washington Mutual's internal code of conduct, sixth claim for breach of implied in fact contract, and seventh claim for interference with contract, because they all arise out of defendants' failure to

---

[3] In her supplemental declaration, plaintiff contends that her "offer of performance was with legal force and effect" because she had the ability to borrow money to satisfy the debt. Pl. Supp. Decl. ¶¶ 3-4. However, plaintiff does not cite any legal authority or provide any factual support for this proposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

execute the Greenpoint subordination agreement in October 2005. Mot. at 6. Defendants contend that because Washington Mutual never signed, and was not obligated to sign, the October 2005 Greenpoint mortgage subordination agreement, plaintiff's claims arising from that agreement must fail. Id.

Plaintiff responds that Washington Mutual "unconscionably" withheld its signature from the Greenpoint subordination agreement. Opp'n at 10. Plaintiff acknowledges that Washington Mutual had no obligation to sign the agreement, but argues that Washington Mutual fails to show that signing the agreement would have been harmful to it. Id. at 11.

The Court concludes that defendants are entitled to summary judgment on plaintiff's fourth, fifth, sixth and seventh claims because, as plaintiff acknowledges, Washington Mutual had no obligation to sign the Greenpoint subordination agreement. Without such an obligation, plaintiff cannot show a breach of contract. Furthermore, plaintiff does not otherwise show that there was an implied in fact contract or that Washington Mutual interfered with the Greenpoint subordination agreement. Lastly, plaintiff has not shown a breach of Washington Mutual's internal code of conduct, which would not give rise to a legally cognizable claim.

   C.   **Plaintiff's Twelfth Claim**

Defendants contend that they are entitled to summary judgment on plaintiff's twelfth cause of action for violation of the FDCPA because Washington Mutual correctly calculated the amount owed at the time of the foreclosure sale to be $8,041.14. Mot. at 7; DSUF ¶ 10.

Plaintiff responds that there is a triable issue of fact as to whether Washington Mutual correctly calculated the amount owed at the time of the foreclosure sale. Plaintiff argues that notice of intent to foreclose states that plaintiff owed $10,341.78 for delinquent amounts from January 2, 2005, to June 6, 2005,and that the notice of default states that, as of August 22, 2005, the delinquent amount was $8,041.40. Opp'n at 13; Brignac Decl., Ex. A, B. Plaintiff further argues that Exhibit C to the declaration of Norman Shaw states that plaintiff owed $7,011.48 for delinquent amounts from January 2, 2005, to August 2, 2005 as of August 19, 2005. Opp'n at 13-14; Shaw Decl., Ex. C. Plaintiff contends that these inconsistencies show that there is a "triable issue of fact as to the accounting on the loan or the application of payments." Opp'n at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

Defendants respond that plaintiff does not offer evidence that any amount requested is incorrect. Reply at 5. Defendants further argue that the amount in the notice of intent to foreclose differs from the amount in the notice of default because the notice of default "includes only principal, interest and late charges but not other advances and fees that may be charged to the loan pursuant to the terms of the loan documents." Id.

The Court concludes that defendants are entitled to summary judgment on plaintiff's twelfth claim. Plaintiff provides no evidence to support her claim that discrepancies exist between the amounts that Washington Mutual alleges are owed and the amounts plaintiff believes that she owes based on her own financial records. SAC ¶ 30.41. Furthermore, plaintiff admits that on August 24, 2005, "a Notice of Default was recorded setting forth an amount to reinstate of $8,041.14" and fails to allege that any amount requested of her was incorrect. DSUF ¶ 10.

### D. Plaintiff's Fifteenth, Sixteenth, Seventeenth, Eighteenth, and Nineteenth Claims

Defendants further contend that they are entitled to summary judgment on plaintiff's fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth claims for violation of Cal. Civ. Code §§ 1983, 1984, 1986, 1988 and Cal. Govt. Code § 6066 because Washington Mutual was never plaintiff's landlord. Mot. at 7 (citing this Court's July 14, 2008 order granting Fidelity Asset Management's motion to dismiss ("July 14, 2008 order")). Defendants argue that the provisions of Cal. Civ. Code § 1980, *et seq.*, apply only to the landlord-tenant relationship. July 14, 2008 order at 4; Mariner's Bay Co. v. Dep't of Motor Vehicles, 229 Cal. App. 3d. 808, 813 (1991). Defendants contend that Washington Mutual never acted as plaintiff's landlord and never received any payment from plaintiff for the period she remained in the property following foreclosure. Mot. at 8; Shaw Decl. ¶ 10.

Plaintiff responds that "even though there may not have been a true 'landlord/tenant' relationship, the rules of unlawful detainer" apply and she was therefore entitled to some sort of notice under Cal Civ. Code § 1983 or §1988. Opp'n at 18. Plaintiff further argues that the unlawful detainer judgment entered on July 7, 2006, in Long Beach Superior Court, ordered plaintiff to pay $3,150 for "rent and damages" and that this can be construed as creating a landlord-tenant relationship. Opp'n at 20, Ex. H.

As this Court concluded in its July 14, 2008 order, these statutes apply only to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

landlord-tenant relationship.  March 7, 2008 Order at 4; see Mariners Bay Co. v. Dep't of Motor Vehicles, 229 Cal. App. 3d 808, 813 (1991) (the provisions of California Civil Code § 1980 *et seq.* "provide an 'optional' procedure for the disposition of personal property left behind on the premises after a tenancy has terminated and the premises have been vacated by the tenant."); United States v. Smyers, 1998 U.S. Dist. LEXIS 13903, at *12 (C.D. Cal. 1998); Cal. Civ. Code § 1980, Law Review Commission Cmt. (1974) (noting that this chapter extends "to all types of rental property" and "provides landlords with a general procedure for the disposition of personal property left on the premises after termination of a tenancy.").  Plaintiff's argument that Washington Mutual became her landlord when it instituted an unlawful detainer action against her is unavailing.  Purchasers at a foreclosure sale are entitled to pursue an action for unlawful detainer.  See, e.g., In re Chisum, 847 F.2d 597, 598 (9th Cir. 1988); 12 Witkin, Summary of California Law, Real Property § 703 (stating that the remedy of unlawful detainer "extends beyond the conventional relationship of landlord and tenant" and "may be brought by a purchaser of property at a judicial sale against a defendant in possession.").  Moreover, "landlord," for the purposes of the statutes upon which plaintiff's claims are predicated, means "any operator, keeper, lessor, or sublessor of any furnished or unfurnished premises *for hire*, or his agent or successor in interest."  Cal. Civ. Code § 1980(a) (emphasis supplied).  Therefore, the Court concludes that Washington Mutual was never plaintiff's landlord and defendants are entitled to summary judgment on plaintiff's fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth claims.[4]

**E.   Plaintiff's Twentieth Claim**

Defendants argue that they are entitled to summary judgment on plaintiff's

---

[4] Plaintiff argues for the first time in her supplemental declaration that Cal. Code Civ. P. § 715.030 classifies Washington Mutual, a judgment creditor, as a landlord, and plaintiff, a judgment debtor, as a tenant and that all of her personal property claims are therefore valid.  Pl. Supp. Decl. ¶¶ 19-20.  Section 715.30 provides such a classification only for the purposes of Cal. Code Civ. P. § 1174.  Cal. Code Civ. P. § 715.030 ("For this purpose, references in Section 1174 and in provisions incorporated by reference in Section 1174 to the 'landlord' shall be deemed to be references to the judgment creditor and references to the 'tenant' shall be deemed to be references to the judgment debtor or other occupant").  Because plaintiff does not bring any claim under § 1174, this definition is inapplicable to her claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

twentieth claim for violation of RESPA based on the improper spread premium that Washington Mutual allegedly charged plaintiff. Plaintiff alleges that defendants charged her yield-spread premiums, which "represent broker referral fees ... and are a direct violation of 12 U.S.C. § 2607(a)." Compl. ¶ 30.6. Section 2607(a) provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a).

Defendants argue that the loan at issue was not originated through a broker and no yield spread premium was paid. Mot. at 8; Shaw Decl. ¶ 6 ("The Loan was originated at a Washington Mutual financial center. Accordingly, there was no broker involved in the origination of the loan nor a yield spread premium or any fee paid to a broker."). Plaintiff responds that due to the mishandling of her personal property, she does not have in her possession the loan documents necessary to prove the allegations contained in her twentieth claim. Opp'n at 21. Plaintiff contends that she has requested copies of her loan documents as part of discovery, but defendants have not been responsive to her request. Id.

In analyzing whether a yield spread premium is impermissible, courts must "ask whether services were actually performed for the total compensation paid to the mortgage broker, and whether that compensation is reasonably related to the services provided." Scheutz v. Banc One Mortg. Corp., 292 F.3d 1004, 1006 (9th Cir. 2002). However, without any proof that a yield spread premium was paid, the Court concludes that defendants' motion must be granted as to plaintiff's twentieth claim.

### F. Plaintiff's Twenty-First, Twenty-Second, Twenty-Third, Twenty-Fourth and Twenty-Fifth Claims

Defendants further argue that they are entitled to summary judgment on plaintiff's twenty-first claim for violation of Cal. Bus. & Prof. Code § 17200, twenty-second and twenty-third claims for violation of the TILA, twenty-fourth claim for an accounting, and twenty-fifth claim for breach of the implied duty of good faith and fair dealing. Defendants argue that plaintiff's § 17200 claim is without merit because defendants made all of the required disclosures and did not otherwise wrongly foreclose on the residence. Mot. at 9; Shaw Decl. ¶ 5 ("At the time the Loan was originated, Plaintiff was given all notices required by the Truth in Lending Act"). Defendants further argue that they are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

entitled to judgment as a matter of law on plaintiff's TILA claims and claim for breach of the implied duty of good faith and fair dealing because Washington Mutual made all of the required disclosures and did not charge a yield spread premium. Mot. at 9-10. In support of this argument, defendants have provided (1) a copy of a TILA disclosure signed by plaintiff that states the amount financed, all lender paid fees and charges, and the amount disbursed to plaintiff, and (2) a copy of a "Notice of Right to Cancel" signed by plaintiff. Supp. Shaw Decl., Ex. A, B.

Plaintiff responds that she never received any disclosures, and that defendants have not produced any evidence of those disclosures in their motion, or as part of discovery. Opp'n at 23. Plaintiff claims that defendants misrepresented that the transaction was a loan when, in reality, it was an "exchange" that "did not result in any risk to the depositors and, therefore, cannot be appropriately classified as a loan." Id. Plaintiff also contends that her other arguments demonstrate that defendants engage in unfair business practices. Id. at 22-23.

The Court concludes that defendants are entitled to summary judgment on plaintiff's twenty-first and twenty-fifth claims because plaintiff has not shown that defendants engaged in any pattern of unfair business practices. The Court further concludes that defendants are entitled to summary judgment on plaintiff's twenty-second and twenty-third claims because they provided plaintiff with the disclosures required by TILA. The purpose behind TILA is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). The Home Ownership and Equity Protection Act amends TILA to "ensure that consumers understand the terms of such loans and are protected from high pressure sales tactics ... [The amendment] also prohibits High Cost Mortgages from including certain terms such as prepayment penalties and balloon payments that have proven particularly problematic." Pacific Shore Funding v. Lozo, 138 Cal. App. 4th 1342, 1349 (2006). To this end, TILA requires specific disclosures, including that borrowers are not required to complete the loan agreement merely because they have received disclosures or signed the loan application; that they could lose their home if they do not meet their loan obligations; and the percentage rate, the amount of monthly payments, and in the case of adjustable rate loans, that the interest rate and payment could increase." Id. at 1349-50 (citing 15 U.S.C. § 1639(a)(1) & (a)(2)). These disclosures must be made "not less than 3 business days prior to consummation of the transaction." 15 U.S.C. § 1639(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

Plaintiff received a TILA disclosure on May 29, 2004, three days prior to receiving her loan from Washington Mutual, which included an itemized list of the amount financed, all lender paid fees and charges, and the amount disbursed to plaintiff. Supp. Shaw Decl., Ex. A. Furthermore, plaintiff was provided with a "Notice of Right to Cancel" her account on April 18, 2004, which detailed the manner in which she could cancel her account and the consequences that would flow therefrom. Supp. Shaw Decl., Ex. B. The Court concludes that these documents provided plaintiff with "meaningful disclosure" as to the nature of the transaction. 15 U.S.C. § 1601(a). Additionally, plaintiff's TILA claim that her transaction with Washington Mutual represents "an exchange ... [that] did not result in any risk to the depositors" and therefore was improperly classified as a loan, is unsupported by the documents in evidence. Therefore, defendants are entitled to summary judgment on plaintiffs' TILA claim.

Plaintiff's twenty-fourth claim is for an accounting. However, "[a] right to an accounting is derivative; it must be based on other claims." County of Santa Clara v. Astra U.S., Inc., 428 F. Supp. 2d 1029, 1037 (N.D. Cal. 2006) (quoting Janis v. Cal. State Lottery Comm'n, 68 Cal. App. 4th 824, 833 (1998)). Because the Court herein dismisses all of plaintiff's substantive claims for relief against Fidelity, there is no predicate to support her twenty-fourth claim for an accounting.

### G.   Plaintiff's Supplemental Declaration

After oral argument on September 29, 2008, the Court offered plaintiff an opportunity to file a supplemental declaration showing how any missing discovery would support her claims. In her supplemental declaration, plaintiff requests (1) proof of the posting of trustee sale in accordance with Cal. Civ. Code § 2924(f); (2) proof of payment for the residence by Washington Mutual; (3) defendants' telephone records; (4) all documents showing defendants' authorization from Housing and Urban Development to conduct the foreclosure sale; (5) all deeds of trust pertaining to any of plaintiff's lines of equity; (6) all documents pertaining to notices posted on the residence, the trustee sale, title to the property; (7) all materials used by defendants to train their staff in reviewing loan applications; (8) all documents relating to defendants' origination, approval, or underwriting, preparation, disbursement and acceptance of residential mortgage loans; (9) all documents showing that defendants followed their internal code of conduct in dealing with plaintiff; (10) copies of all correspondence between defendants and Mortgage Assistance Solutions and Michelle Corbitt of Greenpoint relating to plaintiff's loan; (11) copies of plaintiff's loan file; (12) all documents that show defendants are licensed to do

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

business in the State of California; (13) a document setting forth in detail who the real party in interest was in the foreclosure of the residence; (14) provide any documentation regarding financial analysis defendants performed before providing plaintiff with her loan; (15) the identity any person who has knowledge of the facts and/or who participated in the loan modification transaction in September 2005; (16) proof of how defendant would have been harmed by signing the Greenpoint subordination agreement; (17) all promissory notes connected with plaintiff's loans; (18) the loan application, loan worksheet, and application worksheet used in considering plaintiff's application; (19) a list of the criteria that defendants use to approve loans; (20) an inventory listing of all of plaintiff's personal belongings that were stored by Joe Tadlock Auctioneer; (21) all documents or notices describing plaintiff's personal property; (22) a list of all procedures followed by defendants, or any of their employees or agents, during the packaging, storing, and transporting of plaintiff's property; (23) all pictures taken by defendants of plaintiff's property; (24) an admission from defendant Potier that he told plaintiff that defendant Joe Tadlock Auctioneer would pack up all of plaintiff's personal property and that plaintiff could redeem her property; (25) an admission from Potier that he was notified about the mishandling of plaintiff's property and was shocked by the news; (26) all documents and agreements pertaining to the transportation and storage of plaintiff's personal property; (27) a list of the procedures that are customarily followed by defendants in storing household items; (28) all documents showing the yield spread premium cost amounts, when they were paid, and to whom they were paid; (29) the HUD-1 settlement statement and any other documents used to prepare the federal disclosure statement in the loan transaction; (30) all documents and statements showing past due amounts on plaintiff's loan since its origination; (31) copies of all insurance policies which may afford coverage as to the matters complained of; (32) proof that defendants faced a risk in providing plaintiff with a loan; (33) details regarding how, when, and why Greenpoint closed down its business; (34) all documents that demonstrate defendant's good faith and fair dealing with plaintiff; (35) a list of all parties consulted by defendants in answering their interrogatories; (36) defendant's correct legal name; (37) a list of any contracts, association, or ownership with any of the co-defendants. Pl. Supp. Decl. ¶¶ 32-33.

Pursuant to Federal Rule of Civil Procedure 56(f), "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: ... (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Plaintiff fails to make the necessary showing under Rule 56(f) for a continuance of the instant motion, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | November 4, 2008 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

in any event, much of the evidence sought by plaintiff is on its face irrelevant to the issues now before the Court. Plaintiff does not set forth what evidence would be discovered through additional discovery, or what impact such evidence would have upon plaintiff's opposition. The Court therefore declines to continue the instant motion.

**V.      CONCLUSION**

In accordance with the foregoing, the Court GRANTS defendants' motion as to plaintiff's claims one through twenty-five.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |