UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | April 15, 2009 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (IN CHAMBERS) PLAINTIFF'S EX PARTE APPLICATION TO STAY SALE, OR IN THE ALTERNATIVE, FOR RESUBMISSION OF NOTICE OF PENDENCY OF ACTION IN FEDERAL COURT (filed 04/9/09)

On April 9, 2009, plaintiff Traci K. Hepler filed the instant ex parte application to stay the sale of her foreclosed home or, in the alternative, for resubmission of a notice of pendency of action in federal court.  The Court has not received any opposition to plaintiff's ex parte application.

Plaintiff argues that in April 2006, she filed this action in Los Angeles County Superior Court, and that on April 26, 2006, she filed a notice of pendency of action and recorded the notice with the county recorder.  On July 25, 2007, this action was removed to this Court.  Plaintiff argues that "she recently learned that her house has been listed for sale on the market and desperately requests this court stay a sale on the property or resubmit the Notice of Pendency of Action in federal court" until her case has concluded.

A lis pendens, or notice of pendency of action, provides constructive notice of litigation, such that any judgment later obtained in the action relates back to the filing of the lis pendens.  Slintak v. Buckeye Retirement Co., 139 Cal. App. 4th 575, 586-587 (2006). A lis pendens clouds title to property until the litigation is resolved or the lis pendens is expunged, and any party acquiring an interest in the property after the action is filed will be bound by the judgment.  Id. at 587.  Even after judgment, a lis pendens remains effectively on the record unless a statutory ground for expungement is established.  Id.

The Court concludes that plaintiff's ex parte application should be denied.  The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-4804 CAS (Ex) | Date | April 15, 2009 |
|---|---|---|---|
| Title | TRACI K. HEPLER v. WASHINGTON MUTUAL BANK, F.A.; ET AL. | | |

recording of a lis pendens does not operate to prohibit the sale of property. Instead, a properly recorded lis pendens merely binds subsequent purchasers of the encumbered property to any judgment rendered in the underlying litigation. Slintak, 139 Cal. App. 4th at 587. Moreover, the record herein fails to establish any basis for the exercise of jurisdiction over the property which was foreclosed upon by Washington Mutual in 2006. Therefore, the Court declines to enjoin any pending sale. Furthermore, a properly recorded lis pendens remains in effect until a statutory ground for expungement has been established. Id. As a result, there is no need for the Court to "resubmit" the notice of pendency of action in this Court.[1]

In accordance with the foregoing, the Court hereby DENIES plaintiff's ex parte application.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Moreover, the validity of plaintiff's notice of pendency of action is doubtful given that plaintiff's home was sold at foreclosure on February 21, 2006, before plaintiff filed a notice of pendency of action on April 26, 2006. November 4, 2008 Order at 3.