O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Traci K. Hepler , <br><br> Plaintiff, <br><br> vs. <br><br><br> Washington Mutual Bank, F.A.; et al. <br><br> Defendants. <br>_____ | Case No. CV 07-4804 CAS (Ex) <br><br> **ORDER GRANTING DEFENDANT GREENPOINT MORTGAGE FUNDING, INC.'S MOTION FOR SUMMARY JUDGMENT** |

**I.   INTRODUCTION**

On April 21, 2006, plaintiff Traci K. Hepler, appearing in pro per, filed suit in Los Angeles County Superior Court against defendant Washington Mutual Bank, FA ("Washington Mutual"). Plaintiff seeks to set aside the foreclosure sale of her real property, located at 2300 Rutgers Avenue, Long Beach, California ("the residence"). On June 1, 2007, plaintiff filed a first amended complaint ("FAC") in which she named the following additional defendants: California Reconveyance Company ("CRC"); Greenpoint Mortgage Funding, Inc. ("Greenpoint"); Joe Tadlock Auctioneer Company ("Tadlock"); Mike Potier, dba Boardwalk Properties, Inc. ("Potier"); and Fidelity

National Asset Management ("Fidelity"). On July 25, 2007, Washington Mutual timely removed the action to this Court. On February 12, 2008, Fidelity filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. On March 7, 2008 the Court granted Fidelity's motion to dismiss plaintiff's FAC with leave to amend. On May 12, 2008 plaintiff filed a second amended complaint ("SAC"). On July 14, 2008, this Court granted Fidelity's motion to dismiss plaintiff's SAC with prejudice.

On November 10, 2008, plaintiff filed her third amended complaint ("TAC") alleging claims against Greenpoint for (1) breach of the implied covenant of good faith and fair dealing; (2) breach of contract and duty; (3) breach of implied in fact contract; (4) interference with prospective economic relations; (5) fraud and intentional deceit; (6) civil conspiracy; (7) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (8) violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1760; (9) violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (10) promissory estoppel; (11) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(a) and Cal. Fin. Code § 50505; (12) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 and Cal. Fin. Code § 50308; (13) an accounting; (14) negligent interference with prospective economic advantage; (15) intentional infliction of emotional distress; (16) tortious interference with contract; and (17) constructive fraud.

On March 11, 2009, Greenpoint filed the instant motion for summary judgment. On April 7, 2009, plaintiff filed her opposition. On April 13, 2009, Greenpoint filed its reply. Greenpoint's motion is presently before the Court.

**II.   BACKGROUND**

On June 1, 2004, plaintiff received a loan from Washington Mutual in the amount of $100,000, secured by a deed of trust on real property located at 2300 Rutgers Avenue, Long Beach, California. DSUF ¶¶ 1-2. On September 16, 2004, plaintiff refinanced her

home mortgage loan with Greenpoint, and Washington Mutual executed a subordination agreement on September 17, 2004. DSUF ¶ 4-5. Plaintiff defaulted on her loan by failing to make the payment due for February 2005. In September 2005, plaintiff requested a loan modification ("second loan modification") from Greenpoint. DSUF ¶ 7. On September 20, 2005, Greenpoint sent plaintiff a letter advising her that the loan modification was approved on the condition that Greenpoint retain its priority security interest in the subject property. DSUF ¶ 8, 11-13. On October 21, 2005, Greenpoint sent plaintiff a letter advising her that the loan modification could not be processed because Washington Mutual refused to sign the subordination agreement. DSUF ¶ 15, 18. At some point in 2005, Greenpoint assigned plaintiff's loan to GRP Financial Services. In or about November 2005, plaintiff paid $26,000 to GRP Financial Services in a failed attempt to bring her loan current. On or about February 21, 2006, a foreclosure sale of the subject property was conducted and the property reverted to Washington Mutual for a credit bid of $113,498.29. DSUF ¶ 19, 24.

## III.  LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a

3

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV.   DISCUSSION

### A.   Plaintiff's Contract and Tort Claims

The Court concludes that Greenpoint is entitled to summary judgment on all of plaintiff's tort and contract claims. To the extent plaintiff's claims pertain to the second loan modification agreement, no contract existed between the parties. The loan modification documents sent to plaintiff on September 20, 2005, included a subordination agreement, which clearly states that "the Lender as a condition precedent to the modification of a Loan to Traci K. Hepler, a single woman ('Borrower'), requires the subordination of the lien held by [Washington Mutual]." Burns Decl., Ex. D. Because this condition precedent was not fulfilled, the second loan modification never became a binding contract. Platt Pacific, Inc. v. Anderson 6 Cal. 4th 307, 313 (Cal. 1993) ("[A] condition precedent is either an act of a party that must be performed or an uncertain event that must happen before the contractual right accrues or the contractual duty arises.").

From plaintiff's opposition, which is 87 pages in length and contains several

4

conclusory statements and irrelevant documents, the Court can only glean that plaintiff admits that she received the loan modification documents, which expressly state that a condition precedent to the second loan modification is the execution of a subordination agreement by Washington Mutual. Plaintiff acknowledges that she "saw a subordination agreement was included in the paperwork with the [second] loan modification, but was not aware that such subordination agreement was even necessary." Opp'n at 16. Plaintiff has not provided any evidence that anyone promised her that her second loan modification would be processed without the execution of a subordination agreement by Washington Mutual. Furthermore, Greenpoint did not breach the original loan agreement by not agreeing to the modification because although the original agreement permitted Greenpoint to agree to a loan modification, it plainly did not require Greenpoint to do so.

Without any evidence demonstrating that (1) Greenpoint promised plaintiff that the second loan modification would be processed without the execution of a subordination agreement by Washington Mutual or (2) that Greenpoint breached the original loan agreement or otherwise denied plaintiff benefits under that agreement, the Court concludes that Greenpoint is entitled to summary judgment on plaintiff's claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) breach of implied in fact contract; (4) intentional and negligent interference with prospective economic relations; (5) promissory estoppel; (6) fraud; (7) constructive fraud; (8) civil conspiracy; and (9) intentional infliction of emotional distress.

    **B.**    **Plaintiff's Statutory Claims**

        **1.**    **Plaintiff's Claim for Violation of Cal. Bus. & Prof. Code § 17200**

To prove a claim for unfair competition pursuant to Cal. Bus. & Prof. Code §17200, a plaintiff must demonstrate that a defendant engaged in "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. "Unlawful," as used in § 17200, means "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court made." Olsen v. Breeze, Inc., 48 Cal. App. 4th 608, 617-

5

618 (1996). "Unfair," as used in § 17200, means "any practice whose harm to the victim outweighs its benefits." Id. at 618. "Fraudulent," as used in § 17200, "does not refer to the common law tort of fraud but only requires a showing members of the public 'are likely to be deceived.'" Id.

The Court concludes that Greenpoint is entitled to summary judgment on plaintiff's claim for violation of Cal. Bus. & Prof. Code § 17200. Plaintiff has not put forth any evidence to support a finding that Greenpoint engaged in an "unlawful, unfair, or fraudulent business act or practice." As discussed supra, Greenpoint disclosed to plaintiff that a condition of the loan modification was the execution of a subordination agreement by Washington Mutual. Burns Decl., Ex. D. Furthermore, as discussed infra, plaintiff's claims for violations of TILA and RESPA fail. Therefore, there is no predicate for plaintiff's § 17200 claim.

### 2. Plaintiff's Claims for Violation of the FDCPA and the RFDCPA

To be held liable for violation of the FDCPA, a defendant must – as a threshold requirement – fall within the FDCPA's definition of "debt collector." See Heintz v. Jenkins, 514 U.S. 291, 294 (1995); see also, e.g., Romine v. Diversified Collection Servs., 155 F.3d 1142, 1146 (9th Cir. 1998). Like the FDCPA, the RFDCPA applies only to debt collectors. Izenberg v. ETS Services, LLC 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). The definition of "debt collector" found in the state statute is broader than that contained in the FDCPA. Id. However, "foreclosure does not constitute debt collection under the RFDCPA." Id.

The Court concludes that Greenpoint is entitled to summary judgment on plaintiff's claims for violation of the FDCPA and the RFDCPA. "[T]he law is well-settled . . . that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA." Scott v. Wells Fargo Home Mortg., 326 F. Supp. 2d 709, 718 (2003) (emphasis in original). Greenpoint is not a debt collector pursuant to 15 U.S.C. § 1692a or Cal. Civ. Code §

1788.2 and therefore Greenpoint is entitled to summary judgment on plaintiff's FDCPA and RFDCPA claims. Id.; 15 U.S.C. § 1692a(6).

### 3. Plaintiff's TILA Claims

Plaintiff argues that Greenpoint violated TILA by not disclosing that her loan was actually an "exchange" that did not result in any risk to the lenders. Id. at 52. Plaintiff contends that Greenpoint charged "yield-spread premiums" which represent illegal "kickbacks" paid to brokers. Id. at 53. Plaintiff further contends that Greenpoint violated TILA by failing to send her notice within 15 days of transferring her loan to GRP Financial Services. Id.

The Court concludes that Greenpoint is entitled to summary judgment on plaintiff's TILA claims. As the Court previously concluded in its November 4, 2008 Order granting defendants Washington Mutual and CRC's motion for summary judgment

> plaintiff's TILA claim that her transaction with Washington Mutual represents "an exchange ... [that] did not result in any risk to the depositors" and therefore was improperly classified as a loan, is unsupported by the documents in evidence.

November 4, 2008 Order at 11. The Court further concluded in its November 4, 2008 Order that plaintiff did not pay a yield-spread premium in connection with her loan. Id. at 9. Plaintiff has failed to produce any evidence to alter the Court's conclusion.

### 4. Plaintiff's RESPA Claims

Plaintiff further argues that Greenpoint violated RESPA by failing to disclose to plaintiff that her loan was transferred to GRP Financial Services on September 6, 2005, as required by the terms of her original loan. Id. at 49.

The Court concludes that Greenpoint is entitled to summary judgment on plaintiff's RESPA claims. Section 2605(b) provides, in pertinent part

> Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing

7

>of the loan to any other person . . . the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan.

12 U.S.C. § 2605(b)(1)-(2)(A).  While Greenpoint does not argue that it provided plaintiff with notice of the transfer of her loan to GRP Financial Services, plaintiff has failed to provide any evidence that she suffered any injury as a result of Greenpoint's failure for which Greenpoint would be responsible.  Spencer v. Hutchens, 471 F. Supp. 2d 548, 554 (M.D.N.C. 2006) ("For relief [as to plaintiff's claim for violation of § 2605], plaintiff alleges injury to his credit rating and other damages in an amount in excess of $10,000.00.  None of this is tied to the failure to give the full fifteen days notice.  Moreover, this is a mere conclusory statement and not sufficient to withstand summary judgment.").

### 5. Plaintiff's CLRA Claims

The CLRA prohibits specific deceptive or unfair acts in any "transaction intended to result or which results in the sale or lease of goods or services to any consumer." Broberg v. Guardian Life Ins. Co. of America, 171 Cal. App. 4th 912, 923-24 (2009). CLRA actions may be brought only by a consumer who suffers any damage as a result of the use or employment "of a proscribed method, act, or practice." Buckland v. Threshold Enterprises, Ltd. 155 Cal. App. 4th 798, 809 (2007).  A plaintiff in a CLRA action must show "not only that a defendant's conduct was deceptive but that the deception caused them harm." Id.

The Court concludes that Greenpoint is entitled to summary judgment on plaintiff's CLRA claims.  Greenpoint's failure to execute the loan modification was not fraudulent or deceptive and does not otherwise amount to a "proscribed method, act, or practice" under the CLRA.  Cal. Civ. Code § 1770; Buckland, 155 Cal. App. 4th at 809. Therefore, Greenpoint is entitled to summary judgment on plaintiff's CLRA claims.

### 6. Plaintiff's Claim for an Accounting

"A right to an accounting is derivative; it must be based on other claims." County of Santa Clara v. Astra U.S., Inc., 428 F. Supp. 2d 1029, 1037 (N.D. Cal. 2006) (quoting Janis v. Cal. State Lottery Comm'n, 68 Cal. App. 4th 824, 833 (1998)).  Because the Court herein grants Greenpoint's motion as to all of plaintiff's substantive claims, there is no predicate to support plaintiff's claim for an accounting.  Therefore, Greenpoint is entitled to judgment as a matter of law on plaintiff's claim for an accounting.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS Greenpoint's motion for summary judgment as to all of plaintiff's claims, each side bares its own attorneys' fees and costs.

IT IS SO ORDERED

Dated: April 17, 2009

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE